UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re*: Andrew Wasielewski,<br>Attorney at Law, Bar No. 6161 | Case No.: 2:22-ms-00060<br><br>SUSPENSION ORDER |

**I.    SUMMARY**

This is an attorney discipline matter. Before the Court is Attorney Andrew Wasielewski's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Temporary Suspension Order filed by the Nevada Supreme Court ("NSC") on October 31, 2022. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Attorney Wasielewski from practice as a matter of reciprocal discipline because the NSC suspended him. However, Attorney Wasielewski may file a petition for reinstatement if he prevails at his full disciplinary hearing and can produce a certificate of good standing from the NSC reflecting the same.

**II.    BACKGROUND**

Attorney Wasielewski was temporarily suspended by the NSC pending a full disciplinary hearing following his no contest pleas to criminal charges of theft and disorderly conduct in Nevada state court. (ECF No. 1 at 4-5.)

This Court issued the OSC as to why Attorney Wasielewski should not be suspended from practice in this Court on November 7, 2022. (ECF No. 1.) Attorney Wasielewski timely filed his Response on December 7, 2022. (ECF No. 4.) In his

Response, Attorney Wasielewski explains that the two criminal charges he pleaded no contest to in state court stem from disputes with clients since resolved. (*Id.* at 2-3.) Attorney Wasielewski argues that the Court should not impose reciprocal discipline on him because he pleaded no contest to the criminal charges filed against him in state court, so he was not 'convicted' of either offense the way 'conviction' is defined in LR IA 11-7(b). (*Id.* at 3-5.) Attorney Wasielewski accordingly asks the Court to refrain from suspending him at least until (and if) the NSC suspends him following a full disciplinary hearing. (*Id.* at 5.) He also notes that his only current clients in a case before this Court support him continuing to be able to practice before this Court. (*Id.* at 3, 5.)

## III. DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Attorney Wasielewski from practice before this Court because the NSC's temporary suspension regarding Attorney Wasielewski following his no contest pleas to criminal charges appears to have been proper, and he presents no clear and convincing evidence to the contrary. "Admission to practice before the Supreme Court of Nevada, in good standing, is a continuing condition of admission to the bar of this court." LR IA 11-1(a)(1). Attorney Wasielewski is not currently in good standing with the NSC—the NSC suspended him. (ECF No. 1 at 4-5.) Thus, he cannot currently satisfy

a prerequisite for admission to the bar of this Court. Moreover, Attorney Wasielewski's arguments regarding 'conviction' do not directly apply here because the Court is imposing reciprocal discipline under LR IA 11-7(e). That inquiry turns in pertinent part on whether, why, and how the attorney was suspended or disbarred—not whether the attorney was 'convicted.' *See* LR IA 11-7(e). The Court will therefore suspend Attorney Wasielewski.

That said, Attorney Wasielewski is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he prevails at his full disciplinary hearing. Any petition for reinstatement should also not be filed until Attorney Wasielewski has successfully discharged each and every probationary condition imposed on him by the NSC (to the extent the NSC imposes any such conditions on him), and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from the discipline imposed on him by the NSC, such as a letter from the Nevada State Bar.

## IV.   CONCLUSION

It is therefore ordered that Andrew Wasielewski, Bar No. 6161, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 12th Day of December 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of United States District Court, and that on this 13th day of December 2022, I caused to be served a true and correct copy of the foregoing Suspension Order to the following parties via Certified Mail, Return Receipt Requested via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

>Andrew Wasielewski, Esq.
>8275 S. Eastern Avenue, Suite 200-818
>Las Vegas, NV 89123
>
>Certified Mail No.: 7020 3160 0000 7420 2794

>/s/ Sharon H.
>Deputy Clerk
>United States District Court,
>District of Nevada

4